IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SLOAN,

        Plaintiff,                      OPINION AND ORDER

v.

                                              17-cv-754-bbc

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 9, 2018, I granted the parties' joint motion for remand and entered judgment in favor of plaintiff Michael Sloan under sentence four of 42 U.S.C. § 405(g). Dkt. ##13-14. (I have revised the caption to reflect the fact that Andrew Saul is now the commissioner of Social Security.) On April 12, 2018, I accepted the parties' stipulation for attorney fees under the Equal Access to Justice Act (EAJA) and awarded plaintiff attorney fees in the amount of $4,624.86. Dkt. #16. After remand, the commissioner awarded plaintiff past-due benefits. Dkt. #18-2. Now plaintiff's counsel, Dana Duncan, has filed a motion for an attorney fee award of $3,475.14 pursuant to 42 U.S.C. § 406(b). Dkt. #18. Defendant does not oppose the motion. Dkt. #20.

Counsel reports that he and plaintiff have a contingency fee agreement providing for attorney fees amounting to 25 percent of an award of past-due benefits. Dkt. #18-1. The commissioner has reserved 25 percent of the award, $13,601.25, for attorney fees. Dkt. #18-2 at 2. Counsel is requesting the full $13,601.25, with $5,501.25 from the agency, $4,624.86 from the EAJA award and an additional award of $3,475.14 from this court. He has submitted an accounting showing that he spent 14.90 attorney hours and 19.15 paralegal hours working on plaintiff's case in this court. Dkt. #18-3.

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must review it to be sure it is reasonable in light of the character of the representation and the results obtained; the time, labor and skill required; counsel's experience, reputation and ability; and awards in similar cases. Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989). Here, the requested award is reasonable. Counsel seeks a total of $8,100 in fees for the time he spent in this court. If I considered only the 14.90 hours of attorney work, counsel's hourly rate would be approximately $544. The rate is significantly lower when the paralegal time is considered as well. Counsel is an experienced attorney who represented plaintiff in this court, reviewed the administrative record and drafted a motion for summary judgment that prompted defendant to stipulate to remand. In addition, defendant does not oppose the motion. Accordingly, I will grant counsel's motion for attorney fees in the amount of $3,475.14 pursuant to 42 U.S.C. § 406(b).

ORDER

IT IS ORDERED that the motion for attorney fees filed by plaintiff's attorney, Dana Duncan, pursuant to 42 U.S.C. § 406(b), dkt. #18, is GRANTED. The court approves a

representative fee award of $3,475.14 to be payable to Dana Duncan out of the statutory fee withheld from plaintiff's past-due benefits.

Entered this 17th day of July, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge